IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV NO. 05-00135 DAE-BMK |
| | ) | |
| Petitioner, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| vs. | ) | RESPONDENTS' MOTION TO |
| | ) | DISMISS CONTEMPT PROCEEDING |
| TIM J. GEARY and JOAN GEARY, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY RESPONDENTS'
MOTION TO DISMISS CONTEMPT PROCEEDING

Before the Court is Respondents' motion to dismiss the contempt proceeding against them. This motion was heard November 8, 2006. After careful consideration of the motion, supporting and opposing memoranda, and arguments of counsel, the Court hereby FINDS and RECOMMENDS that Respondents' Motion be DENIED.

PROCEDURAL BACKGROUND

On October 29, 2004, the Internal Revenue Service ("IRS") issued administrative summonses to Respondents.  Respondents failed to comply with the

summonses to the satisfaction of the IRS, and so Petitioner United States sought enforcement of the summonses by the Court.  On July 27, 2005, the Court ordered Respondents to comply with the summonses.

Petitioner alleges that Respondents did not comply with the enforcement order and filed a motion for contempt on June 9, 2006.  On June 14, the Court ordered Respondents to show cause why they should not be held in contempt.  On July 19, Respondents filed a response to Petitioner's motion, and on August 2, Petitioner replied.  Then, on September 1, 2006, Respondents filed this motion to dismiss the contempt proceedings.

## LEGAL STANDARD

Motions to dismiss may be made as a "defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim or third-party claim."  F.R.C.P. 12(b).  In addition, a motion do dismiss "shall be made before pleading if a further pleading is permitted."  F.R.C.P. 12(b).  Pleadings are narrowly defined by Rule 7(a):

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served.  No other pleading shall be allowed . . . .

F.R.C.P. 7(a).  Rule 7 distinguishes "pleadings" from "motions," which are the subject of Rule 7(b).

## DISCUSSION

Respondents' motion to dismiss is denied on procedural grounds. First, Respondents' motion to dismiss is improper because it is not a "defense . . . to a claim for relief in any pleading," F.R.C.P. 12(b).  Neither Petitioner's motion for contempt nor the Court's order to show cause can be construed as a "pleading" within the meaning of the Federal Rules of Civil Procedure.  Rule 7 indicates that "pleading" is a limited term, and that motions are plainly different from pleadings. See F.R.C.P. 7.  There is no reason why Respondents cannot make their substantive arguments against being held in contempt in response to the motion for contempt.  Alternatively, Respondents could move the Court to reconsider its order to show cause.  Respondents cannot, however, properly move the court to "dismiss" a motion or an order.

Second, even if Petitioner's motion for contempt or the Court's order to show cause were considered to be a pleading, Respondent's motion to dismiss would have been untimely.  If either the motion or the order were considered a "pleading," then the responses allowed to the parties would also have to be

considered "pleadings."  Respondents' motion to dismiss was filed on September 1, 2006, well after their own July 19 response to the motion to dismiss and order to show cause.  Thus, Respondents' motion to dismiss would not have been filed "before pleading" as mandated by Rule 12(b).  See F.R.C.P. 12(b).

## CONCLUSION

For the foregoing reasons, the Court hereby FINDS and RECOMMENDS that Respondents' motion to dismiss be DENIED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: November 9, 2006

United States Of America v. Geary, et al.; FINDINGS AND RECOMMENDATION TO DENY RESPONDENTS' MOTION TO DISMISS CONTEMPT PROCEEDINGS; Cv. No. 05-00135 DAE-BMK.