IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV. NO. 05-00135 DAE-BMK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TIM J. GEARY and JOAN GEARY, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

ORDER DENYING GOVERNMENT'S APPEAL OF THE MAGISTRATE
JUDGE'S ORDER DENYING GOVERNMENT'S MOTION FOR CONTEMPT

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After reviewing the Government's Appeal of the Magistrate Judge's Order that the United States' Motion for Contempt Be Denied and the supporting and opposing memoranda, the Court DENIES the Government's Appeal.[1]

---

[1] The Government titled its appeal "Objection to Order That The United States' Motion for Contempt Be Denied," arguing that Magistrate Judge Barry M. Kurren ("Magistrate Judge") incorrectly captioned his decision as an Order, rather than a Findings and Recommendation.  For the reasons stated herein, the Court disagrees and, as such, interprets the Government's request as an appeal from a magistrate judge's order.

## BACKGROUND

This is a federal income tax case involving an examination into Respondents Tim and Joan Geary's liabilities for the tax years 2001 and 2002. On October 29, 2004, Revenue Agent Debra N. Tsuha, issued IRS administrative summonses to Respondents. The summonses directed Respondents to provide testimony and certain documents. When Respondents failed to comply, on July 27, 2005, the Court granted the Government's Petition to Enforce the IRS Summonses ("Enforcement Order"), ordering Respondents to comply.

Following the Enforcement Order, Respondents appeared before the Revenue Agent for interviews. During those interviews, the Government claims that Joan Geary did not answer half of the questions posed to her and Tim Geary did not answer most of the questions, invoking the Fifth Amendment. Furthermore, Respondents supposedly did not produce any additional documents or appear for any other interviews as of April 2006, prompting an email exchange. Consequently, on June 9, 2006, the Government filed a Motion for Contempt, requesting coercive and compensatory sanctions. Thereafter, on July 14, 2006, Respondents produced four binders of documents to the United States that had not been previously produced.

On August 9, 2006, the Show Cause hearing was held on the Government's Motion for Contempt, during which the Magistrate Judge indicated that Respondents were prepared to cooperate. At the hearing, Respondent, Tim Geary, produced several additional binders of responsive documents that had not been produced already; Respondents produced more documents after the hearing. On November 8, 2006, another Show Cause hearing was held regarding the Motion for Contempt, indicating that a ruling on the Order to Show Cause would be deferred to allow parties to make further efforts to cooperate. Respondents again submitted more documents following the hearing and a declaration from Tim Geary, but they failed to produce two categories of documents. Those categories include the (1) account application and statements from an American Express card account that Respondents held from 2001-2002, and (2) the response that Respondents received from their November 28, 2006 email to the Wealthshare Foundation.[2] Additionally, the Government points out that, although Tim Geary agreed to appear for a continued interview wherein he would not make a blanket Fifth Amendment assertion, Joan Geary did not.

---

[2] Respondents produced the subsequent documents on November 30, 2006, apparently two days after they sent the November 28, 2006 email.

Following supplemental briefing from the Government and a response from Respondent, on February 22, 2007, the Magistrate Judge issued an Order that the United States' Motion For Contempt Be Denied ("Contempt Order"). The Magistrate Judge denied the Government's Motion for Contempt because the only two remaining categories for which Respondents were noncompliant had been resolved. As such, the Magistrate Judge found that Respondents were in compliance with the Enforcement Order, relieving the necessity for coercive sanctions. Moreover, the Magistrate Judge declined to award the Government compensatory sanctions for the delay because an award of compensatory sanctions is discretionary, United States v. Asay, 614 F.2d 655, 660 (9th Cir. 1980), and the Magistrate Judge found that Respondents' behavior was not sufficiently dilatory or egregious to merit such an award.

## STANDARD OF REVIEW

"The applicable standard of review for an appeal of a magistrate's order turns on whether the order is dispositive or nondispositive." Boskoff v. Yano, 217 F. Supp. 2d 1077, 1084 (D. Haw. 2001); see also Fed. R. Civ. P. 72; LR 74.1. If the matter is nondispositive, a district court reviews a magistrate judge's order to determine whether it is "clearly erroneous or contrary to law." LR 74.1. To find a magistrate judge's decision "clearly erroneous," the district court must

have a "definite and firm conviction that a mistake has been committed." Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed."). "The reviewing court may not simply substitute its judgment for that of the deciding court." Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991). On the other hand, if the matter is dispositive, the district court makes a de novo review of the magistrate judge's findings and recommendations. See Local Rule 74.2. A de novo review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered." U.S. Pac. Builders v. Mitsui Trust & Banking Co., 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted).

## DISCUSSION

The Government first argues that the Magistrate Judge's Contempt Order should be treated as a Findings and Recommendation because it dealt with a matter that was dispositive of a claim. Second, the Government argues that the Magistrate Judge's Contempt Order was made in error because Respondents were in contempt at the time that the Motion for Contempt was filed, which should have been the time at which the Magistrate Judge based his ruling. Instead, the

Magistrate Judge looked to the events that had occurred over an eight month span of time after the Motion for Contempt was filed and after Respondents had produced numerous documents to comply with the Enforcement Order.  Thus, the Government seeks a finding of contempt and compensatory sanctions, such as reimbursement of its attorneys' fees and costs that it incurred in bringing the Motion for Contempt, in responding to Respondents, and in attending the hearings.

Respondents do not dispute the Government's argument that the Magistrate Judge's Order actually should have been a Findings and Recommendation to this Court.  Instead, Respondents simply argue that the Magistrate Judge's Contempt Order was correct and that neither a finding of contempt or compensatory sanctions are warranted.  Respondents also dispute the persuasiveness of decision on which the Government relies in a contempt ruling by District Judge Michael J. Seabright.

      1.  <u>The Motion for Contempt Was Not Dispositive of a Claim; Thus, the Clearly Erroneous Standard Applies</u>

Fed. R. Civ. P. 72 divides pretrial matters before a Magistrate Judge into two categories: those that are "dispositive of a claim or defense" and those that are nondispositive.  A Magistrate Judge may hear and determine nondispositive matters, but he or she may only make findings and recommendations to the district

court on dispositive matters.  See Fed. R. Civ. P. 72(a) and (b).  28 U.S.C. § 636(b)(1)(A) provides that a magistrate judge may hear and decide any pretrial matter except for certain enumerated matters that are considered dispositive, including motions for injunctive relief, motions for summary judgment, and motions to dismiss.  See also Boskoff, 217 F. Supp. 2d at 1084.  Motions also may be dispositive when they involve a determination of the merits of a case; they do not involve collateral matters; or they are critical in shaping the litigation.  See id.; see also Kiep v. Turner, 80 B.R. 521, 523-24 (D. Haw. 1987) (finding that an order denying withdrawal of a reference was not dispositive because it had no bearing on the merits of the claims or on the parties); United States v. Bennett, Crim. No. 06-00068, 2006 WL 2793170, at *1 (D. Haw. 2006) (determining that a motion to disqualify counsel was a nondispositive matter).  Furthermore, Black's Law Dictionary defines a "dispositive" matter as something that "bring[s] about a final determination."  BLACK'S LAW DICTIONARY 211 (2nd pocket ed. 2001).

Courts tend to find that matters relating to discovery and discovery violations are nondispositive.  See e.g., Perry v. Village of Arlington Heights, No. 94 C 0058, 1996 WL 41209, at *1 (N.D. Ill. 1996) (referring a motion for contempt to the magistrate judge because it was nondispositive); United States v. 40.81 Acres of Land, More or Less, 505 F. Supp. 151, 153 (E.D. Pa. 1981) ("A

discovery order entered by a Magistrate may be reversed only upon a finding that the decision was clearly erroneous or contrary to law.") That said, if a motion relating to discovery or discovery abuses somehow has the identical effect of providing finality to a claim or defense, the Court would not be averse to finding otherwise, depending on the facts and circumstances of the case.  This is not such a case, however.  A typical contempt motion, such as that present in this case, requesting sanctions for alleged discovery abuses that does not involve a final determination of a claim being litigated is not a dispositive matter.  Consequently, because the Magistrate Judge's Contempt Order is not dispositive of a claim or defense, the clearly erroneous standard applies to the instant review.

2. <u>The Contempt Order Was Not Clearly Erroneous</u>

The Government contends that the Contempt Order is clearly erroneous because the Magistrate Judge should have determined whether Respondents were in contempt as of the date that the Motion for Contempt was filed, <u>i.e.</u>, June 9, 2006.  Instead, the Magistrate Judge considered Respondents compliance with the Enforcement Order as of the date that it issued its Contempt Order on February 22, 2007.  As such, the Government complains that the Magistrate Judge considered events that had occurred over eight months from the date of the Motion for Contempt, including two hearings, the production of

8

numerous documents, and an agreement for a continued interview, when it should have limited its sanctions determination to a finding of Respondents' non-compliance as of June 9, 2006.

Respondents argue that awarding compensatory sanctions was in the sound discretion of the Magistrate Judge, and the Magistrate Judge properly exercised his discretion denying the sanctions when he found that Respondents' behavior was not "sufficiently dilatory or egregious to merit such an award." (<u>Contempt Order</u> at 2.)

The Government primarily relies on an unpublished order by Judge Seabright to prove that the Magistrate Judge should have considered Respondents noncompliance at the time of the filing of the Motion for Contempt.  <u>See</u> <u>Order Finding Dean K. Otaka in Contempt of Court</u>, CV. NO. 05-00696 JMS/BMK (D. Haw. February 16, 2007).  Respondents do not believe that Judge Seabright's order is comparable because Respondents did not affirmatively act to thwart compliance, as they claim that the respondent did in the Dean K. Otaka case.  Regardless of whether such a distinction exists, the Court finds that Judge Seabright's order is only moderately helpful.  Here, the Magistrate Judge made a clear discretionary ruling that Respondents' behavior was not "dilatory or egregious."  Neither Judge Seabright nor a magistrate judge made any such ruling in the Dean K. Otaka case.

Indeed, Judge Seabright appeared to reach the opposite conclusion when he found that "[a]bsent threat of contempt, it appears that [the respondent] would have taken no steps, let alone reasonable steps, to procure" a document and that he failed to take "all reasonable steps" to comply with the court's order.  (Order Finding Dean K. Otaka in Contempt of Court at 6, 8.)

No one disputes that, in the instant case, Respondents had failed to comply in full or even in predominant part with the July 27, 2005 Enforcement Order at the time that the Government filed its Motion for Contempt on June 9, 2006.[3]  Furthermore, the Magistrate Judge appeared to accept that Respondents had not complied.  Even still, the Magistrate Judge found that, based on the fact that Respondents since had complied or arranged to comply with the Enforcement Order, coercive sanctions were no longer necessary or appropriate.  (Contempt Order at 2.)  Furthermore, the Court declined to award the Government compensatory sanctions, in its discretion, for Respondents delayed compliance with the summons and the Enforcement Order for the reasons stated already.

---

[3] Respondents claim that they had produced documents before the September 27, 2005 interviews, and that the IRS had not complained about the insufficiency of the interviews or the documents produced until June 9, 2006.  (Respondents' Memorandum at 4.)  Still, Respondents do not dispute that they had failed to comply in substantial part with the Enforcement Order and that only following the Motion for Contempt did they produce numerous documents to become in compliance.

Whether or not the Court would have reached the same conclusion as the Magistrate Judge is irrelevant, as the Court's role is not to "substitute its judgment for that of the deciding court." Grimes, 951 F.2d at 241. There is no definitive rule that a Magistrate Judge must award sanctions where a party has failed to comply at the time that a motion for contempt is filed. On the contrary, it is well-established that a court has discretion to determine the amount of a compensatory contempt award. See Asay, 614 F.2d at 660. Furthermore, the penalty for civil contempt "is designed to enforce compliance with a court order." United States v. Rylander, 714 F.2d 996, 1001 (9th Cir. 1983). The punishment also is "conditional and must be lifted if the contemnor obeys the order of the court." Id. Given the Magistrate Judge's discretion, the purpose and application of a civil contempt penalty, and the fact that Respondents had complied with the Enforcement Order at the time of the Contempt Order, even though they had not complied at the time of the Motion for Contempt, the Court does not have a definite and firm conviction that the Magistrate Judge made a mistake. See Burdick, 979 F.2d at 1370. Accordingly, the Court does not find the Magistrate Judge's decision clearly erroneous.

## CONCLUSION

For the reasons stated above, the Court DENIES the Government's Appeal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 30, 2007.



_____
David Alan Ezra
United States District Judge

United States of America vs. Tim J. Geary, et al., Civil No. 05-00135 DAE-BMK; ORDER DENYING GOVERNMENT'S APPEAL OF THE MAGISTRATE JUDGE'S ORDER DENYING GOVERNMENT'S MOTION FOR CONTEMPT